FILED: 3/6/2019 12:35 PM
David Trantham
Denton County District Clerk
By: Dylan Ladwig, Deputy

## CAUSE NO. 19-2093-158

| | | |
|---|---|---|
| DR. STUART LIPTON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| SENTINEL INSURANCE COMPANY, LTD | § | |
| D/B/A THE HARTFORD INSURANCE | § | |
| Defendant. | § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STUART LIPTON, MD (herein "Plaintiff"), who files this, its Original Petition, against HARTFORD (herein "Defendant") and for cause of action would respectfully show the court as follows:

### I.  PRELIMINARY INFORMATION AND DEFINITIONS

| | |
|---|---|
| Insured: | Stuart Lipton, MD ("Plaintiff") |
| Policy Number: | 46SBAUN5815 ("Policy") |
| Claim Number: | 0000509660 ("Claim" or "Claim Number") |
| Date of Loss: | April 27, 2017 |
| Insured Property: | 591 W. Main Street, Lewisville, TX 75057-3628 ("Property") |
| Insurer: | Sentinel Insurance Company, LTD d/b/a The Hartford ("Defendant") |

**Defendant's Registered Agent:**   **CT Corporation System**
**67 Burnside Avenue**
**Hartford, CT 06108-3408**

### II.  DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level III, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

Exhibit C

### III.    PARTIES

Plaintiff is an individual who resides in Texas and has a business located at 591 W. Main Street, Lewisville, Texas 75057.

Defendant is a "Foreign" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

### IV.    JURISDICTION

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $200,000.00, but no more than $1,000,000.00.

The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

### V.    VENUE

Venue is proper in Denton County, Texas because the insured property is situated in Denton County, Texas and/or the contract was signed in Denton County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

### VI.    FACTS

Plaintiff is the owner of the Policy issued by Defendant. Plaintiff owns the insured property located at 591 W. Main Street, Lewisville, Texas 75057.

Exhibit C

Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff. Plaintiff suffered a significant loss with respect to the property at issue.

Plaintiff submitted a claim to Defendant with a Date of Loss for hail damage to the property.

Defendant assigned a Claim Number to Plaintiff's claim.

Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

Defendant improperly paid Plaintiff's claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendant failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff. Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

Defendant misrepresented to Plaintiff the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code. Defendant failed to make an attempt to settle Plaintiffs claim in a fair manner although they were aware of their liability to Plaintiff under the policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any

Exhibit C

explanations why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendant's conduct constitutes a violation of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE § 542.055.

From and after the time Plaintiff's claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.

Defendant's conduct equates to breaches of the common law duty of good faith and fair dealing. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

Exhibit C

Plaintiff's experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VII.    CAUSES OF ACTION

**COUNT 1:**
**Breach and Anticipatory Breach of Contract**

Defendant's conduct, as described in this petition, constitutes a breach of the insurance contract made between Defendant and Plaintiff. Plaintiff anticipates that Defendant will continue in such breaches of contract.

Defendant's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

Defendant's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541. All violations under this article are made actionable by TEX. INS. CODE § 541.151.

Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

Exhibit C

Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a 'reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and §541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act."

Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

Defendant's failure, as described above, to acknowledge receipt of Plaintiffs claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

Defendant's delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims under TEX. INS. CODE § 542.055-542.060 and is a breach of contract.

## COUNT 2:
### Breach of the Duty of Good Faith and Fair Dealing

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.

Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## COUNT 3:
### Deceptive Trade Practices & Unconscionable Conduct — Knowledge and Intent

Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs damages described therein by Texas Deceptive Trade Practices Act.

Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code

Exhibit C

Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in one or more of the following manners:

Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

Engaging in an unconscionable course of conduct.

## COUNT 4:
## Violations of Texas Prompt Payment of Claims Act:
## Texas Insurance Code. Chapter 542: Strict Liability with No Good Faith Exception

Defendant's conduct, as described above, constitutes multiple violations of *Texas Prompt Payment of Claims Act.*

As described above, Plaintiff has a claim under an insurance policy, the insurer is liable for the claim and the insurer has failed to comply with the requirement of *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.051-542.061.

Exhibit C

As described above, Defendant failed to perform one or more of the following the duties not later than the 15 day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim:

a. Acknowledge the claim. Defendant failed to acknowledge receipt of the claim, including separate claims arising from the same incident. TEX. INS. CODE § 542.055(a)(1);

b. Record the acknowledgement. Defendant failed to make a record of the date, means, and content of the acknowledgement. TEX. INS. CODE § 542.055(c);

c. Commence the investigation. Defendant failed to commence a reasonable investigation of the claim. TEX. INS. CODE § 542.055(a)(2); and/or

d. Request information from the claimant. Defendant failed to request from the Plaintiff all items, statements and forms reasonably needed from Plaintiff. TEX. INS. CODE § 542.055(a)(3).

As described above, Defendant failed to perform one or more of the following duties after Defendant received all items, statements, and forms reasonably required by the Plaintiff:

a. Accept or reject the claim. Defendant failed to notify Plaintiff by the 15th "business day" that Defendant either accepts or rejects the claim. TEX. INS. CODE § 542.056(d);

b. State reasons for any rejection. Defendant failed to notify Plaintiff of any reasons for denying such claim. TEX. INS. CODE § 542.056(c);

c. Ask for more time and tell why it is needed. Defendant failed to notify Plaintiff it needed more time and the reasons for seeking more time. TEX. INS. CODE § 542.056(d);

Exhibit C

d. Pay the claim after accepting. Defendant failed to pay the claim within five "business days" or twenty days if Defendant is a surplus lines insurer. TEX. INS. CODE § 542.057(a),(c);

e. Pay the claim after the claimant performs any condition. If Defendant sought a condition on Plaintiff, it did not pay such claim within five "business days" or twenty days if Defendant is a surplus lines insurer after such condition was satisfied. TEX. INS. CODE § 542.057(b); and/or

f. Pay the claim within 60 days after receipt of information. Defendant failed to pay the claim within 60 days after receiving the items requested from Plaintiff. TEX. INS. CODE § 542.058(a).

## COUNT 5:
### Unfair Insurance Practices: Texas Insurance Code. Chapter 541

Defendant's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff:

a. misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim with respect to which the Defendant's liability has become reasonably clear; or

c. a claim under one portion of the policy of the claim with respect to which the Defendant's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment under one

Exhibit C

portion of the coverage constitutes evidence of liability under another portion of the policy;

d. failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of the claim or for the offer of a compromise settlement of the claim;

e. failing within a reasonable time to:

    i. affirm or deny coverage of a claim to Plaintiff;

    ii. submit a reservation of rights to a Plaintiff;

    iii. refusing, failing, or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; and/or

    iv. undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim.

Defendant may have engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff:

a. misrepresentations and false advertising of policy contracts;

b. false information and advertising generally;

c. deceptive names, words, symbols, devises, and slogans; and/or

d. misrepresentation of the insurance policies;

Defendant engaged in one or more of the following settlement practices with respect to a claim made by Plaintiff:

Exhibit C

a. making an untrue statement of material fact;

b. failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

c. making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

d. making a material misstatement of law; and/or

e. failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with an other provision of the insurance code.

**COUNT 6:**
**Fraud**

Defendant knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril and Plaintiff having relied upon such fraudulent conduct, has been injured.

Defendant knowingly and with the reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts, and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such fraudulent conduct, has been injured.

The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

Exhibit C

## VIII.    DAMAGES AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

a. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained by Plaintiff.

b. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's fees.

c. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act*, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees. See *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.) For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and three times mental anguish damages. See TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

d. For noncompliance with *Texas Prompt Payment of Claims Act*, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of her claims, as well as eighteen (18) percent interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at

Exhibit C

law or in equity, to which Plaintiff may show here to be justly entitled. See *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty,* No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "I= P R T," where "I" is interest, "P" equals the principal, "R" equals the rate of interest, and "T" equals time over which interest is to be calculated. Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer. Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment that is made. See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.,* 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied). Also See *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5th Cir. 1997). Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e. For breach of the common law duty of good faith and fair dwelling, actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury. See *Lee v. Sgfemate Life Ins. Co.,* 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd). Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

Exhibit C

f. For fraud, Plaintiff seeks damages for breach of contract. *Albin v. Isotron Corp.,* 421 S.W.2d 739, 744 (Tex. Civ. App.-Texarkana 1967, writ rerd n.r.e). Upon a finding of actual fraud, Plaintiff seeks exemplary damages as to be determined by the jury. TEX. CIV. PRAC. & REM. CODE §41.003(a)(1).

g. Plaintiff seeks attorney fees at a contingent rate of forty-five percent as allowed by law. If attorney fees must be quantified at an hourly rate, Plaintiff seeks attorney fees at $350.00 an hour. See *Mid-Century Ins. Co. v. Barclay,* 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied). Attorney's fees are awarded to a party as part of the damages owed by an insurance company that violates this chapter, and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorney's fee awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insured's claims.

h. Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendant was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policy holders. In order to punish Defendant and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

Exhibit C

Respectfully submitted,


**ADKERSON, HAUDER & BEZNEY, P.C.**


By: _/s/Paul A. Bezney_
      Paul A. Bezney
      State Bar No. 00787077
      1700 Pacific Avenue, Suite 4450
      Dallas, Texas 75201
      Telephone: 214/740-2500
      Facsimile: 214/740-2544
      E-mail: bezney@ahblaw.net (e-file only)
      *Attorney for Plaintiff*

Exhibit C



## AHB Adkerson, Hauder & Bezney, P.C.
### ATTORNEYS AND COUNSELORS

**1700 PACIFIC AVENUE    SUITE 4450    DALLAS, TEXAS 75201-7323**
**214.740.2500 (MAIN)    214.740.2501 (FAX)**

SARAH-DANIELLE MALINGU, PARALEGAL                      E-MAIL: sarah@ahblaw.net
DIRECT DIAL: 214.740.2536

March 6, 2019

***Via E-File***
Denton County District Clerk
P.O. Box 2146
Denton, TX 76202-2146

  Re: Dr. Stuart Lipton v. Sentinel Insurance Company, LTD d/b/a The Hartford
    Insurance

Dear Sir or Madam:

  Attached for filing please find *Plaintiff's Original Petition* and Civil Case Information
Sheet. Please file the same with your court and issue a citation for Defendant, Sentinel Insurance
Company, LTD d/b/a The Hartford Insurance for service at the following address:

  President, an active Vice President, Secretary, or Attorney of/for
  CT Corporation System
  67 Burnside Avenue
  Hartford, CT 06108-3408
  Or Wherever She May Be Found

  Thank you for your assistance in this matter.

       Sincerely,

       */s/ Sarah-Danielle Malingu*
       Sarah-Danielle Malingu,
       Paralegal to Emily DeJong Pyle and Kelly Davis

/sdm
Attachments

Exhibit C

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED **Dr. Stuart Lipton v. Sentinel Insurance Company, LTD d/b/a The Hartford Insurance**

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | If Person or entity completing case information sheet is: |
|---|---|---|
| **Name:** Paul A. Bezney<br><br>**Email:** bezney@ahblaw.net | **Plaintiff(s)/Petitioner(s):** Dr. Stuart Lipton | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 1700 Pacific Ave., Ste. 4450<br><br>**Telephone:** 214-740-2500 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Dallas, Texas 75201<br><br>**Fax:** 214-740-2501 | **Defendant(s)/Respondent(s):** Sentinel Insurance Company, LTD d/b/a The Hartford Insurance | **Custodial Parent:**<br><br>**Non-Custodial Parent:** |
| **Signature:** /s/ Paul A. Bezney<br><br>**State Bar No:** 00787077 | [Attach additional page as necessary to list all parties] | **Presumed Father:** |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law |
|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-Judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract**<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>**Foreclosure**<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>**Malpractice**<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>**Product Liability**<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>**Divorce**<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | **Probate/Wills/Intestate Administration**<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

Exhibit C